## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**KHRISSMELY RAMIREZ, on her behalf
and those similarly situated,**                    **CASE NO.**

      **Plaintiff,**

**v.**

**SCHULTE HOSPITALITY GROUP, INC.
A Foreign Profit Corporation**

      **Defendant.**

_____/

### COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, KHRISSMELY RAMIREZ ("Ramirez" or "Plaintiff"), on her behalf and behalf of all similarly situated individuals (hereinafter, "Putative class members") by and through her undersigned counsel, brings this Collective Action Complaint against Defendant, SCHULTE HOSPITALITY GROUP, INC. ("Schulte" or "Defendant") and allege as follows:

### I.        NATURE OF THE CASE

1.        This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for Defendants' failure to pay Plaintiff and other current

and former similarly situated employees ("class members") overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA. Plaintiffs brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

2.      The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

3.      As non-exempt employees, Plaintiff and the class members are entitled to the applicable overtime wage rate for each overtime hour they were suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

4.      Plaintiff Khrissmely Ramirez's consent to act as Class Representative is attached as Exhibit A.

## II.  <u>JURISDICTION AND VENUE</u>

5.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

6.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because at Defendant maintains and transacts business in this district, and the events giving rise to Plaintiff's claims occurred in this judicial district.

8.      This Court has supplemental jurisdiction over the Plaintiffs' breach of contract or unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

## III.  <u>PARTIES</u>

### A.      <u>PLAINTIFF</u>

9.      At all relevant times, Plaintiff Khrissmely Ramirez was an hourly paid employee of Defendant from November 2021 through January 2024.

10.      Plaintiff was hired as an hourly paid full-time employee to work in the Food and Beverage Department but was assigned many different job duties in several different departments throughout her employment.

11.      Defendant compensated Plaintiff with different hourly rates throughout her employment.

12.      At all times relevant hereto, Plaintiff is a current or former "employee" of Defendant as defined by the FLSA, 29 U.S.C. §201 *et seq*, as she was suffered and permitted to work for Defendant.

### B.      **DEFENDANT**

13.      Defendant Schulte is a corporation incorporated under the laws of Georgia, maintains a principal place of business in Louisville, Kentucky, and may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.      Defendant Schulte is actively engaged in the hotel management business in this judicial District and throughout the State of Georgia and is within the jurisdiction of this Court.

15.      According to its website, "Connected through a deep commitment and dedication highly valued by discerning proprietors, our team employs a diverse set of skills to consistently achieve success for our partners. With expertise passed down through generations of seasoned innkeepers, our approach extends beyond the basics

to foster pride among our team members and earn respect in the hospitality industry. We actively participate in community projects and contribute to philanthropic efforts through our hotels, emphasizing our commitment to making a positive impact. Through our corporate initiatives, we proudly support organizations dedicated to building a stronger and more compassionate community. *See* https://www.schultehotels.com/portfolio/, last accessed on March 18, 2024. "Dive into our portfolio of more than 200 properties across the US and the UK. Our diverse array of partnerships reflects our longstanding presence in hospitality resulting in collaborations that include everything from globally recognized high-luxury resorts and charming boutique inns to historic properties and major hotel brands."

16.    At all times relevant hereto, Defendant is and was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

17.    At all times relevant hereto, Defendant has two (2) or more employees who have handled goods that moved in interstate commerce.

18.    At all times relevant hereto, Defendant is and was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

19.    The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendants' officers, agents, employees, or representatives, while

actively engaged in the management of Defendant's business or affairs and with Defendant's authorization.

## **GENERAL ALLEGATIONS**

20.     This action is filed on behalf of all hourly paid employees of Defendant in Georgia whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks.

21.     The governing regulation provides that Defendant cannot shield itself from a FLSA overtime claim simply by adopting policies that prohibit unreported overtime and that place on their employees the onus of recording their own overtime:

> [I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.
> 29 C.F.R. § 785.13.

22.     The employer who wishes no such work to be done has a duty to see it is not performed. The employer cannot accept the benefits of the work performed without including the extra hours in an employee's weekly total for purposes of overtime compensation. If the employer has the power and desire to prevent such work, the employer must make every effort to do so.

23.     Plaintiff is an "employee" of Defendant, as that term is defined by the FLSA, 29 U.S.C.S. § 201 et seq., and 29 U.S.C. § 203(e).

24.     Plaintiff was hired in November 2021 by Defendant through January 2024.

25.     Plaintiff and similarly situated employees are supposed to be given a 30-minute meal break for each shift.

26.     If an employee is unable or forgets to clock out and in for any of these breaks, Defendant automatically deducts the 30-minute reduction in time and pay.

27.     Plaintiff and similarly situated employees rarely, if ever, could/can take a full thirty (30) minute *uninterrupted* lunch break. And on information and belief, none ever do because of the constant work required during the alleged break periods.

28.      Additionally, Managers and Supervisors regularly observe and continue to observe employees working through lunch breaks and even tell employees that they would simply clock them out/in for these breaks.

29.     Supervisors and Managers were not only aware of the uncompensated work, but they were also the cause of it because they themselves frequently and predictably interrupted these alleged lunch breaks.

30.     To the best of his knowledge Plaintiff and putative members of the collective class were not given the opportunity to correct their timesheets in the system when lunch breaks were not taken or when work was performed during the lunch breaks.

31.    To the best of her knowledge, there was no ability for Plaintiff to record the time she worked during the meal break or to cancel the automatic deduction of the 30-minute meal break from her time record. To the best of her knowledge Plaintiff was never advised that if she failed to take a lunch break or if he worked during the lunch break, she could leave early or receive a timesheet adjustment or extra pay.

32.    As a result, Defendant failed to accurately record the actual hours worked by the Plaintiff and the putative class by including any work performed during the lunch  break.

33.    Upon information and belief, Defendant maintains the same meal break deduction practice and policy at all of its properties throughout Georgia. Accordingly, all hourly paid employees of Defendant are subjected to its policy and practice regarding "meal breaks."

34.    Plaintiff and putative class members perform compensable work for Defendant during their uncompensated "meal breaks."

35.    Defendant does not ensure that Plaintiff and the putative class members are entirely relieved of their work duties during their uncompensated "meal breaks." To the contrary, Defendant ensures that class members are not on break, but rather remain on call during the unpaid meal break. As such, Plaintiff and the putative class

are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

36.　Defendant does not prohibit Plaintiff and putative class members from working during their "meal breaks" and routinely permits or demands Plaintiff and putative class members to perform such work.

37.　Further, Defendant fails to ensure that unauthorized work is not being performed during employee "meal breaks."

38.　In fact, although Defendant automatically deducts thirty (30)minute meal periods, it expects Plaintiff and the putative class members to be available to work throughout their shifts and consistently requires its employees to work during unpaid "meal breaks."

39.　Plaintiff and putative class members are expected to eat without any change in demands from customers or relief by additional staff.

40.　Defendant knows and/or has reason to believe that Plaintiff and putative class members perform work during their unpaid "meal breaks." Indicative of this, Plaintiff and putative class members perform work for Defendants, on Defendants' premises, in plain sight, and often at management's request (and at times in view of management) during their unpaid "meal breaks."

41.　Even though Defendant knows that Plaintiff and the putative class members are working during "meal breaks," Defendant fails to compensate Plaintiff

and class members for their work, electing instead to accept the benefits of Plaintiff and putative class members' uncompensated work.

42.    As a direct result of Defendant's aforementioned employment practices, Plaintiff and putative class members often work without compensation resulting in their working in excess of forty hours per week without collecting statutory overtime wages.

43.    Plaintiff worked in excess of forty hours per week on many occasions. Plaintiff worked through many (if not all) meal breaks and was not compensated for this time, which routinely pushed her workload over the forty-hour limit.

44.    Evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant.

45.    While Plaintiff is unable to state at this time the exact amount owed to the putative class, Plaintiff believes that such information will become available during the course of discovery.

46.    Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

47.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

48.    Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b), and for claims under the O.G.C.A § 34-7-2 et seq., and the Georgia RICO Statute, OCGA § 160-14-4(a), and ERISA § 502(a)91)(B) et seq., as a class action pursuant to Fed.R.Civ.P. 23.

49.    Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of:

> All current or former hourly paid employees who worked for Defendant in Georgia within the three years preceding the filing of this lawsuit were automatically deducted lunch break (s), even though you did not actually take these breaks. ("FLSA Collective").

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

50.    Plaintiff desires to pursue her claims for all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

51.    The members of the class are numerous.  While the exact number of the members of the Class is unknown to Plaintiff at this time and can only be ascertained

through appropriate discovery, Plaintiff believes there are hundreds of hourly paid

current and former employees who, if given the opportunity, would likely opt in.

52. There are questions of law and fact common to the Class which

predominate over any questions affecting individual members only. These factual

and legal questions include:

a) Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

b) Whether Defendant failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30-minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks".

c) Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of its meal break deduction practice and policy;

d) Whether Defendant failed to properly contribute to retirement plans due to its underpayment to class members;

e) The correct statute of limitations for Plaintiff's and class members' claims;

f) The correct method of calculating back overtime pay;

g) Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

h) Whether Plaintiff and class members are entitled to restitution;

i) Whether Defendant is liable for pre-judgment interest; and

j)     Whether Defendant is liable for attorney's fees and costs.

53.     Defendant has acted (and/or refused to act) on grounds generally applicable to the Class.

54.     The claims of the representative Plaintiff are typical of the claims of the Class in that Plaintiff was denied wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all hours worked. This is the predominant issue which pertains to the claims of each and every class member.

55.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

56.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

57.    Plaintiff will fairly and adequately protect the interests of the Class, as her interests are in complete alignment with those of the entire class. Her goal is to prove and then eradicate Defendant's illegal employment practice of not paying legally mandated wages to its non-exempt employees.

58.    Counsel for Plaintiff will adequately protect the interests of the Class. Such counsel is experienced with employment/class litigation.

59.    Plaintiff and the Class she represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

60.    Plaintiff, as well as the individuals he represents, was denied legally mandated wages as a result of Defendant's pay practices. This violation was intended or foreseeable by the Defendant and was willfully done.

61.    Defendant denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

62.    Defendant has engaged in a continuing violation of O.G.C.A § 34-7-2.

### COUNT I-FLSA
### (Plaintiff and the Collective Class)

63.    The allegations set forth in the preceding paragraphs are incorporated herein.

64.    At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant

times, Defendant employed Plaintiff and each member of the Collective Action Class consistent with the terms of the FLSA.

65.    At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

66.    At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

67.    As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

68.    Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

69.    Defendants' policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's wage requirements.

70.    Defendant has failed to pay appropriate overtime wages under the FLSA.

71.    Defendant's violations of the FLSA were willful and in bad faith.

72.    Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the putative class are entitled to recover the unpaid overtime wage differential, liquidated damages in

an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT II – O.G.C.A § 34-7-2
### (Plaintiff and the Collective Class)

73. The allegations set forth in the preceding paragraphs are fully incorporated herein.

74. The Georgia Code Annotated § 34-7-2 provides in relevant part:

> Georgia requires employers, shall pay all employees:
> (i) all wages due on paydays selected by the employer.
> . . the full net amount of wages or earnings due the
> employees for the period for which the payment is
> made.

75. Plaintiff and the Collective Class are employees of Defendant within the meaning of O.G.C.A § 34-7-2, as such, is entitled to timely payment of all wages due to them.

76. Defendant is an employer within the meaning of the same provision.

77. Defendant's policy of subjecting Plaintiff and the Collective Class's pay to automatic meal break deductions even when they performed compensable work results in an underpayment in violation of O.G.C.A § 34-7-2.

78. Plaintiff and the Collective Class have entered into an agreement with Defendant pursuant to which they are to receive certain hourly wages, in compensation for their work for Defendant.

79.     More than two weeks have elapsed from the date on which Defendant was required to have paid the wages owed to the Plaintiff and the Collective Class for all hours of work. Defendant has no bona fide reason for withholding the wages owed to the Plaintiff and the Collective Class for their uncompensated for time.

80.     Any consent or agreement by Plaintiff and the Collective Class whereby they agreed to forgo payment for the time they worked in excess of forty hours per workweek is unenforceable as contrary to public policy.

81.     Defendant's failure to pay wages for all time worked, as required by Georgia law, represents a violation of its agreement with Plaintiff and the Collective Class.

## COUNT III – UNJUST ENRICHMENT / QUANTUM MERUIT
### (Plaintiff and the Collective Class)

82.     The allegations outlined in the preceding paragraphs are fully incorporated herein.

83.     Plaintiff brings this claim in addition to his claim under the O.G.C.A § 34-7-2.

84.     Any agreement or consent by the Plaintiff and the Collective Class to work during their "meal breaks" is an illegal agreement in violation of the public policy of Georgia intended to protect employees from being denied payment for all hours worked.

85.     Any such agreement is unenforceable because it is illegal.

17

86.    Plaintiff and the Collective Class were not paid wages for all of their time working for Defendant.

87.    Defendant knew and appreciated that it benefited from the uncompensated work performed by Plaintiff and the Collective Class.

88.    Defendant retained the benefit of the uncompensated work performed by Plaintiff and the Collective Class under circumstances that render it inequitable and unjust for Defendant to maintain such benefits without paying for its value.

89.    Defendant was unjustly enriched by requiring Plaintiff and the Collective Class to work without payment for all hours worked.

90.    Plaintiff and the Collective Class rendered valuable services to the Defendant.

91.    The services were accepted, used, and enjoyed by the Defendant.

### COUNT IV- ERISA § 502(a)(1)(B) ─ Recovery and Enforcement of Benefits
### (Plaintiff and the Collective Class)

92.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93.    Plaintiff was a participant in a 401(k) plan and other retirement benefits due to his long-term employment with Defendant (the "Plan"). The Plan was a pension benefit plan within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002 (2)(A) and is fully subject to ERISA.

94.    Plaintiff and other members of the putative ERISA Class were eligible to participate in the Plan under the Plan's terms.

95.    Defendants wrongfully underpaid the Plan due to the illegal underpayment to Plaintiff.

96.    Defendant has acted arbitrarily and capriciously and have wrongfully denied benefits to Plaintiffs and the other members of the Class.

97.    As a result of these actions, Plaintiffs and the other members of the Class have been damaged and are entitled to payment of benefits, statutory penalties, attorneys' fees, costs, and such other and further equitable relief as the Court finds appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated individuals, requests the following relief:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b) of this litigation to all potential members of the collective action;

(C)    Enter judgment against Defendant and awarding Plaintiff and the Collective Class unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on

unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant

to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(D)    Grant declaratory judgment declaring that Plaintiff and the Collective

Class's rights have been violated and that Defendant willfully violated the FLSA;

(E)    Grant Plaintiff relief for violation of O.C.G.A § 34-7-2;

(F)    Grant Plaintiff relief for unjust enrichment and quantum meruit;

(G)    Grant Plaintiff relief under ERISA (29 USC § 1132);

(H)    Grant Plaintiff and the Collective Class leave to add additional state law

claims if necessary;

(I)    Award attorneys' fees and costs for time spent litigating both the

entitlement to and amount of attorneys' fees and costs incurred throughout the entire

engagement and investigation and settlement of this claim, including the

reasonableness thereof;

(J)    Award Plaintiff pre-judgment and post-judgment interest on all

amounts due including without limitation, treble damages attorneys' fees and costs;

(K)    Award Plaintiff and the Collective Class such further and additional

relief as may be just and appropriate.

(L)    A declaration that Defendants have violated the FLSA;

(M)    Find that Defendants' wage and hour violations have been willful;

(N)    Liquidated damages to the fullest extent permitted under the FLSA;

(O)    Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all triable issues of fact and damages.

Dated this 22nd day of March 2024

          Respectfully submitted,

          **FARAH & FARAH, P.A.**

          ***/s/Adeash Lakraj, Esq.***
          Adeash Lakraj, Esq.
          Georgia Bar No. 444848
          2310 Parklake Drive NE
          Suite 262
          Atlanta, Georgia, 30345
          Telephone: (470) 751-3767
          E-mail:
          **alakraj@farahandfarah.com**
          ***Counsel for Plaintiff***